# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 05-2018-LRR |
| vs. | |
| MICHAEL CHANTELL BRUCE, | **ORDER** |
| Defendant. | |

The matters before the court are Defendant Michael Chantell Bruce's Second Application for Investigative Costs and Costs of Expert and Transcript from CJA Funds and Motion to Reconsider Order Denying Funds ("Motion") (docket no. 107) and Defendant's Memorandum in Support of Supplemental Motion For Authorization of Services ("Supplemental Motion") (docket no. 119). Defendant filed the Motion on December 23, 2005 and the Supplemental Motion on January 3, 2006. On December 27, 2005, the government filed a Response to Defendant's Motion (docket no. 111)

Title 18, United States Code Section 3006A, in pertinent part, provides:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1). Defendant must meet a two-prong test before the court may

authorize funds for an expert: (1) Defendant must "satisfy the court that financial inability prevents him from obtaining the services he requests"; and (2) Defendant must prove a need for the requested expert. *United States v. Sailer*, 552 F.2d 213, 215 (8th Cir. 1977) (citing *United States v. Schultz*, 431 F.2d 907, 908 (8th Cir. 1970)). In neither the Motion nor Supplemental Motion does Defendant provide any evidence to the court that he is *unable* to pay for the requested expert investigator. Defendant failed to provide the court with financial records or documentation in support of his claim that he is financially unable to pay for his defense. The court noted in its December 19, 2005 order that Defendant retained counsel. Because Defendant did not ask for appointment of counsel prior to retaining counsel, the court never made a determination regarding Defendant's financial status. Consequently, nothing in the record suggests that Defendant is unable to pay for his defense or the requested expert and investigation.

Defendant also failed to show a need for the expert requested. Defendant claims to need the services of an expert to conduct an investigation to locate the current names, addresses and telephone numbers of each alibi witness. Defendant alleges the government has requested this information and that, due to the time that has passed since the incident, the investigator is necessary to provide the government with accurate information. In its Response to Defendant's Motion, however, the government states that each person listed by Defendant as an alibi is either "(1) [a] government cooperator; (2) serving a federal prison sentence; (3) under federal or state supervision; (4) pending federal sentence or charges; and (5) already interviewed, testified, and otherwise disclosed in the government's discovery." The government, therefore, already has access to the information that Defendant claims he needs the expert to investigate and turn over to the government.

In *United States v. Bertling*, 370 F.3d 818 (8th Cir. 2004), the Eighth Circuit Court of Appeals noted that, "although the district court must 'make appropriate inquiry in an ex parte proceeding' before ruling on a § 3006A(e)(1) application," a hearing is not required. Upon reviewing Defendant's Motion and Supplemental Motion requesting payment for expert investigator fees, the court determines that Defendant fails to show that he is financially unable to pay the expert himself and that he needs the expert to present an adequate defense. Accordingly, Defendant's Motion and Supplemental Motion are denied.

**IT IS SO ORDERED.**

(1) The court **DENIES** Defendant Michael Chantell Bruce's Second Application for Investigative Costs and Cost of Expert and Transcript from CJA Funds and Motion to Reconsider Order Denying Funds (docket no. 107).

(2) The court **DENIES** Defendant Michael Chantell Bruce's Memorandum in Support of Supplemental Motion for Authorization of Services (docket no. 119).

(3) The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 5th day of January, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA